```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION

WILLIAM G. CARTER,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    No.4:05 CV 2259 DDN
                                    )
                                    )
JULIA HASSELL,                      )
DILLIAN HOGAN,                      )
JANET SIDEBOTTOM,                   )
JENNIFER CHAMBERLIN,                )
ALAN BLAKE,                         )
                                    )
          Defendants.               )
```

## MEMORANDUM

This matter is before the court on the motions of plaintiff William G. Carter for a default judgment (Docs. 13, 22), for a case management order (Doc. 10), for a jury trial (Doc. 18), and for the appointment of counsel (Doc. 28); and on the motion of defendants Julia Hassell, Dillian Hogan, Jennifer Chamberlin, and Alan Blake to dismiss (Doc. 15). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). (Doc. 32.)

## I. BACKGROUND[1]

Plaintiff William G. Carter is civilly committed to the Missouri Sexual Offender Treatment Center. (Doc. 16 at 1.) Plaintiff brought this

---

[1]Plaintiff William Carter has filed eleven other lawsuits in this court:

```
4:05CV1209 FRB   Carter v. Bickhaus
4:05CV1787 MLM   Carter v. Blake
4:05CV1211 HEA   Carter v. Englehart
4:05CV1346 TCM   Carter v. Bickhaus
4:05CV1675 ERW   Carter v. Blake
4:05CV1992 HEA   Carter v. Blake
4:06CV472 DJS    Carter v. Blake
4:06Cv620 TCM    Carter v. Blake
4:06CV1466 ERW   Carter v. Chamberlin
4:06CV1624 JCH   Carter v. Nixon
4:06CV1683 ERW   Carter v. Blake
```

action against defendants Julie Hassell, Dylan Hogan, Janet Sidebottom,[2] Jennifer Chamberlin, and Alan Blake, alleging five claims of civil rights violations. Defendants Hassell, Hogan, Chamberlin, and Blake moved to dismiss plaintiff's complaint. Plaintiff moved for a default judgment.

The claims against defendants Hassell, Hogan, Chamberlin, and Blake must be dismissed because plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II. DISCUSSION

### MOTION TO DISMISS STANDARD

A complaint should be dismissed for failure to state a claim, when it appears beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002). In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. Conley, 355 U.S. at 45-46. The complaint must be liberally construed in the light most favorable to the plaintiff. Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

### CLAIM 1

Defendant Hassell has moved to dismiss claim 1. In claim 1, plaintiff alleges that defendant Hassell struck him with a walkie-talkie on the side of the head during a prison fight, because defendant Hassell thought plaintiff was involved in the fight. (Doc. 2 at 2.) Plaintiff appears to be alleging an excessive force claim under 42 U.S.C. § 1983 or a state law assault and battery claim. ( Id. at 1.)

A Section 1983 claim for excessive force generally has three elements: (1) a law enforcement officer must violate a clearly established constitutional right by (2) applying excessive force on an arrestee, pretrial detainee, or prisoner (3) causing actual injury to that arrestee, pretrial detainee, or prisoner. See Brosseau v. Haugen,

---

[2]Defendant Sidebottom was dismissed from the action without prejudice by a district judge for lack of timely service of process. (Doc. 31.)

543 U.S. 194, 198 (2004).

Plaintiff's allegations fail to meet the second element for an excessive force claim. The constitutional standard analyzing whether force is excessive may vary depending upon whether the victim is an arrestee, a pretrial detainee, or a convicted inmate of a penal institution. See Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2000). The Eighth Circuit has treated individuals who have been civilly committed like pre-trial detainees, applying an objective reasonableness standard to their excessive force claims. Id.

In assessing objective reasonableness, a court must decide whether the alleged action occurs for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. See Flemming v. Nestor, 363 U.S. 603, 613-617 (1960); Putnam v. Gerloff, 639 F.2d 415, 419 (8th Cir. 1981). If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Putnam, 639 F.2d at 419. Conversely, if a restriction or condition is not reasonably related to a legitimate goal, if it is arbitrary or purposeless, a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted. Id.

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Id. at 420.

In the complaint, plaintiff alleges that defendant Hassell struck him in the process of attempting to stop a fight. (Doc. 2 at 2.) "Steps to maintain security and order" over a prison or mental institution are legitimate government objectives. See id. at 419; see also Johnson v. Houser, 704 F.2d 1049, 1052 (8th Cir. 1983). Under the facts alleged by plaintiff, defendant Hassell's use of a walkie-talkie to momentarily strike the plaintiff during a fight was not unreasonable. See Agee v. Hickman, 490 F.2d 210, 211 (8th Cir. 1974) (holding that it was not unreasonable when a police officer punched an arrestee in the stomach

while trying to apprehend him). This is heightened by additional factors. Plaintiff alleges defendant Hassell thought plaintiff was involved. Plaintiff does not allege he suffered any serious or permanent injury. (Doc. 2 at 2.) Plaintiff also does not allege these actions were done maliciously and sadistically for the very purpose of causing harm. (Id.) In fact, plaintiff does not even allege defendant Hassell struck him intentionally. (Id.) Under the facts alleged by plaintiff, no claims of a constitutional violation are stated, as it appears that defendant Hassell's actions were rationally related to maintaining the security and order of MSOTC. By plaintiff's own admissions, defendant Hassell was maintaining security.

If this is a state law assault and battery claim, it is also without merit. Plaintiff does not allege these actions were done intentionally. (Id.)

### Claim 2

In claim 2 plaintiff alleges the following against defendant Hogan:

> On Hoctor three at M.S.O.T.C. when the prison guard Hogan worked this unit he conducted a ward search on all residents. The prison guard Hogan touched this plaintiff around his genital area. This is sexual assault and a violation of my civil rights. This took place in 2003.

(Doc. 2 at 2.) Plaintiff does not explain how this touching of his genital area was inappropriate given the context of a ward search of all residents. Furthermore, plaintiff does not allege that his genitals were actually touched, just that the area around his genitals was touched. Plaintiff does not allege this touching was inappropriate, that it was more than necessary to effectuate the search. See Goff v. Nix, 803 F.2d 358, 365-66 (8th Cir. 1986) (security concerns warrant searches of anal or genital area of prisoners).

Therefore, this claim should be dismissed because plaintiff fails to state a claim under which relief can be granted.

### CLAIM 4

In claim 4, plaintiff asserts that defendant Chamberlin put an unknown substance into his food, causing him to get food poisoning. (Doc. 2 at 2.) Defendant Chamberlin has moved to dismiss this claim, arguing

-4-

that it is frivolous.

"A court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 325). Other circuits have dismissed inmate's claims of poisoning as frivolous. See Huey v. Raymond, 53 Fed. App. 329, 330 (6th Cir. 2002) (inmate's claim that employees of a prison were poisoning him was properly dismissed as irrational, wholly beyond belief, and the product of delusions); see also Brock v. Angelone, 105 F.3d 952, 953 (4th Cir. 1996) (upholding a dismissal of inmate's claim against prison officials for allegedly poisoning him by putting propylene glycol into pancake syrup).

In the instant case, plaintiff's factual allegations do not allege poison was put in his food. Here, plaintiff makes a conclusory allegation that an "unknown substance" was put in his food on one occasion, and that later that day he had a stomachache. Plaintiff does not allege what the substance was. Plaintiff does not allege the substance was poison. Further, he does not allege he was forced to eat whatever he saw improperly placed on his tray. See Brock, 105 F.3d at 954 (no one forced plaintiff to consume poisonous syrup). Therefore, Claim Four must be dismissed as frivolous.[3]

An appropriate order is issued herewith.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 14, 2006.

---

[3] Claim 3 concerned the claim against defendant Janet Sidebottom that she was indifferent to plaintiff's medical needs. As previously stated, the claim against this defendant has been dismissed. See footnote 1.