```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF MISSOURI
         EASTERN DIVISION


WILLIAM G. CARTER,            )
                              )
          Plaintiff,          )
                              )
     v.                       )     No. 4:05 CV 2259 DDN
                              )
JULIA HASSELL,                )
                              )
          Defendant.          )
```

**MEMORANDUM AND ORDER**

This matter is before the court on the motions of plaintiff for leave to file an amended complaint and to reinstate Janet Sidebottom as a defendant (Docs. 55, 56) and the motion of defendant Julia Hassell to dismiss for lack of subject matter jurisdiction. (Doc. 57) The court sustains plaintiff's motions, and denies defendant's motion, for the reasons set forth below.

**I. Procedural Background**

Plaintiff William Carter filed this 42 U.S.C. § 1983 action, initially proceeding pro se, naming as defendants Julia Hassell, Dillian Logan, Janet Sidebottom, Jennifer Chamberlain, and Alan Blake. The claims against Sidebottom were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process on her within 120 days of the filing of the complaint.

The court dismissed the claims against defendants Hassell, Hogan, Chamberlain and Blake on the merits for failure to state a claim pursuant to Rule 12(b)6). Plaintiff appealed. The Eighth Circuit affirmed as to defendants Blake, Chamberlain, and Hogan, and reversed and remanded as to defendant Hassell. Carter v. Hassell, 2008 WL 649180 (8th Cir. 2008)

On March 19, 2008, plaintiff moved for the appointment of counsel. (Doc. 48.) On March 20, 2008, this court granted the motion. (Doc. 49.) On March 24, 2008, before plaintiff learned the court had appointed him counsel, plaintiff filed a pro se motion to dismiss the case. (Doc. 50.) The court denied the motion without prejudice and instructed plaintiff to submit future motions and filings to appointed counsel for consideration. (Doc. 51.) On May 23, 2008, the court

conducted a status conference and established deadlines for plaintiff's appointed counsel to file a motion to reinstate Sidebottom as a defendant and for defense counsel to move to dismiss for lack of jurisdiction. These motions followed.

## II. Discussion

A. Motions to Amend Complaint and Reinstate Sidebottom as a Defendant  Plaintiff now moves to amend his complaint and to reinstate Janet Sidebottom as a defendant. "Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.' Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). A motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.' "Whether to grant a motion for leave to amend is within the sound discretion of the court." Becker v. University of Neb., at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citations omitted.)

The court notes that its Rule 4(m) dismissal of the claims against Sidebottom was without prejudice and that plaintiff's claims against Sidebottom have not been adjudicated on the merits. The court therefore concludes that it is the interests of justice that plaintiff be granted leave to amend his complaint. Accordingly, plaintiff's motion to amend his complaint is sustained.

B.   Motion to Dismiss for Lack of Subject Matter Jurisdiction
Defendant moves to dismiss for lack of subject matter jurisdiction, arguing plaintiff's pro se motion to dismiss should be construed by the court as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), thereby divesting this court of jurisdiction.

Plaintiff was represented by court-appointed counsel at the time he filed his pro se motion to dismiss. In this Circuit, "[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.), cert. denied, 513 U.S. 909 (1994). "A district court has

no obligation to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); Agofsky, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party). The court concludes it committed no error in denying plaintiff's pro se motion without prejudice. Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

For these reasons,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to file an Amended Complaint and to add Janet Sidebottom as a defendant are sustained. (Docs. 55, 56.)

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is denied. (Doc. 57.)

　/S/　David D. Noce　
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 16, 2008.